Frank R. Chapman
Thomas R. Smith
CHAPMAN VALDEZ
PO Box 2710
Casper, Wyoming 82602
(307) 237-1983
(307) 577-1871 (fax)
ATTORNEYS FOR DEFENDANT

# In The District Court

# For the District of Wyoming

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CR-32-B |
| | ) | |
| NATHANIEL SOLON | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR RELEASE OF MIRROR IMAGE OF HARD DRIVE OR IN THE ALTERNATIVE MOTION TO DISMISS**

COMES NOW Defendant, Nathaniel Solon, by and through his undersigned counsel, and files the following brief in support of his motion requesting the Court to authorize the U.S. Attorneys' Office to release a mirror image of a hard drive in evidence. Or, in the alternative, to dismiss this matter on the basis of a finding of unconstitutionality of 18 U.S.C. § 3509(m)(1-2).

As set forth in a previous defense motion and in the Government's Response to Defendant's Motion to Dismiss, the Government seized the Defendant's hard drive out of his computer system and a forensic exam of the hard drive revealed images of child pornography on the hard drive.

18 U.S.C. § 3509(m) states:

> Prohibition on reproduction of child pornography.

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

Undersigned counsel wishes to affirmatively state to the Court that the Assistant United States Attorney as well as all personnel at the ICAC offices in Cheyenne have been thoroughly professional and courteous and have made every reasonable effort to coordinate times for defense counsel and experts to view the evidence under the constraints of 18 U.S.C. § 3509.

ICAC personnel have visited with counsel and experts, explained their procedures, assisted in opening files, discussing the evidence, and extended other courtesies. Undersigned counsel expresses little complaint against the U.S. Attorneys' Office or ICAC personnel in their compliance with the statute. The only complaint is staying in the same room and thereby monitoring defense activities.

However, the statute puts certain restraints on the United States and Defendant which deny the Defendant the right to effective assistance of counsel in conducting a reasonable investigation. Defendant contends that this statute violates not only the Sixth Amendment right to effective assistance of counsel, but likely the Fifth Amendment due process clause. "[C]ounsel has a duty to

2

make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668.691 (1984)

First, notwithstanding subsection (2)(A), *supra,* undersigned counsel suggests to the Court that the terminology in the statute mandating that material that constitutes child pornography remaining in the care, custody and control of either the Government or the Court should allow release to defense counsel for complete investigation. Undersigned counsel is an officer of the Court and if the Court were to order that the material not leave Mr. Chapman's or Mr. Smith's custody or control, defense counsel as officers of the Court would be duty bound and honor such an order. Defense counsel requests that the Court order release of a mirror image of the hard drive subject to an order not allowing the hard drive to be out of the custody or control of defense counsel by staying in their offices.

The reasons that defense counsel requests release of the hard drive include the following:

1.    Time and expense necessary for travel to Cheyenne. As much as ICAC personnel have cooperated with defense counsel and their experts, it is still difficult, time consuming, and expensive for Defendant and his family to pay for defense counsel and experts to travel to Cheyenne and attempt to coordinate on an immediate basis every test they would like to run. If some test is forgotten about, or omitted, it is not a simple thing to run back and do another test. As outlined in the Governments response, defense counsel and experts have made two trips to ICAC offices. After the first trip, ICAC personnel had made a mirror image of the hard drive for defense counsel's use. Such is very much appreciated. Much was gained, but much more could be done with a hard drive more easily accessible. For example, it appears that some tests which were run were not properly saved to a flash

drive and thus, certain test results, which were attempted to be shared with the Government, were not saved.

2. By being restrained to looking at the evidence only at the Government's location, defense counsel is necessarily "road mapping" its case. As outlined in the Government's response to the previous motion to dismiss, one defense that the defense was looking into was whether or not images could even be viewed through the Defendant's system. On the first visit to the ICAC offices, defense counsel road mapped its theory that a virus might be present on the hard drive. On its second visit the Government announced that it had run a scan on the hard drive. Other theories of defense likely have been revealed to the Government. ICAC personnel thought it necessary to remain in the room while defense counsel and its experts viewed the evidence on the hard drive. Undersigned counsel cannot state with certainty how much the government may know about its theory of defense.

The point is that no matter how professional and how courteous the United States and ICAC personnel are in attempting to make the material reasonably available to the Defendant as required under 18 U.S.C. § 3509 criminal litigation is adversarial and not a collaborative effort to come to a decision as to criminal liability. Attorneys on both sides are not sitting as philosophers. Defense counsel and their experts should be allowed the opportunity to test evidence, test theories, and consult without showing all processes and theories to the Government. As applied to this case, 18 U.S.C. § 3509(m) denies the Defendant that opportunity.

**CONCLUSION**

Defendant therefore requests that the Court order release of the material, release of a mirror image of the hard drive to defense counsel subject to an order that as officer of the Court, the hard drive will remain in the custody of defense counsel and not leave its offices except for transportation to and from further Court proceedings. Further, that the material be returned to the custody of the United States Attorneys' Office upon completion of the trial. In the alternative, Defendant asks the Court to dismiss this matter.

**DATED** this ___ day of May, 2007.

By: _____/s/_____
Frank R. Chapman
Thomas R. Smith
CHAPMAN VALDEZ at
BEECH STREET LAW OFFICE
PO Box 2710
Casper, Wyoming 82602
(307) 237-1983
(307) 577-1871 (fax)
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served this _____day of May, 2007, by U.S. Mail, addressed to:

Jim Anderson
U.S. Attorney=s Office
PO Box 668
Cheyenne, WY 82003-0668

_____/s/_____
Cheryl L. Deere

5

6