ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 0 1 2007

Stephan Harris, Clerk
Cheyenne

JAMES C. ANDERSON
Assistant United States Attorney
Post Office Box 668
Cheyenne, WY 82003-0668
(307) 772-2124

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NATHANIEL SOLON, | ) ) |
| Defendant. | ) |

Criminal No. 07-CR-0032-B

## GOVERNMENT'S MOTION FIRST MOTION IN LIMINE - CHARACTER EVIDENCE

COMES NOW, the United States of America, by and through its attorney, James C. Anderson, Assistant United States Attorney for the District of Wyoming, and hereby respectfully moves the court in limine for an order prohibiting the defense from improperly attempting to introduce character evidence to show that a person

1

acted in conformity therewith, in violation of Rule 404(a), Federal Rules of Criminal Evidence. As grounds for this motion your Movant would submit the following:

1. As part of a pretrial exchange of trial exhibits the Defense provided the Government with a proposed Defense exhibit that purports to be a judgment and sentence finding one James Edward Rogers guilty of the crime of indecent liberties with a minor. Additionally, the Defense provided the Government with a proposed exhibit that purports to be a sex offender registration form for James Edward Rogers.

2. The Government believes that the Defense may attempt to use this evidence to show that James Edward Rogers is responsible for downloading the child pornography on the Defendant's computer. This clearly violates Rule 404(a), Federal Rules of Evidence which provides "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . ." The rule goes on to sets forth three exceptions: 1) when offered by the accused to show he acted in conformity therewith; 2) character evidence of the victim offered by the accused; and 3) character of a witness as set forth in Rules 607-609. Those exceptions to do not apply here. Mr. Rogers is not a witness in this matter. See *United States v. Wright*, 206 F.Supp 2d 609, 614

(D.Del.2002) ("Wright contends that evidence of Representative Plant's character and reputation for honesty and integrity was relevant and central to his defense in that '[e]vidence of Plant's reputation in the community is circumstantial evidence from which a juror may rely on to [conclude] that Plant would not have taken a bribe, if offered.' However, as the Government points out in its response, the rules of evidence specifically provide that 'Evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except [for various situations involving the character of the accused, the alleged victim, or a witness].' Fed.R.Evid. 404(a). As Representative Plant was not the accused, an alleged victim, or a witness, evidence of his character, offered to show that he acted in conformity therewith, is not admissible evidence."). The United States would submit that Rule 404(a) prohibits the use of character evidence of a third person to prove that the person acted in conformity therewith. Also see, *United States v. Worley*, 88 F.3d 644 (8th Cir. 1996).

4.     Moreover, Mr. Rogers' prior conviction for indecent liberties with a minor, which occurred some 17 years ago, has nothing to do with the possession of child pornography. For these reasons the evidence is irrelevant and not inadmissible

under Rule 402.

5. The fact that James Edward Rogers is a convicted and registered sex offender is not admissible under Rule 404(b). For evidence to be admissible under Rule 404(b), (1) the evidence must be offered for a proper purpose; (2) the evidence is relevant; (3) the trial court must determine under Fed.R.Evid. 403 that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice. *Huddleston v. United States*, 485 U.S. 681 (1988). Here it simply cannot be said a 17 year old conviction for indecent liberties with a minor is being offered for a proper purpose, that it is relevant, or that its probative value substantially outweighs its potential for unfair prejudice.

DATED this _____ day of October, 2007.

                                  Respectfully submitted,

                                  JOHN GREEN
                                  Acting United States Attorney

By: _____
                                  JAMES C. ANDERSON
                                  Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **GOVERNMENT'S FIRST MOTION IN LIMINE** upon the following by hand delivery this 1st day of October, 2007:

Mr. Frank Chapman
Mr. Thomas Smith
Chapman Valdez
P.O. Box 2710
Casper, Wyoming 82602
Attorneys for the Defendant